ABRAHAM CHIDESTER *et al.*

*v.*

THE SPRINGFIELD & ILLINOIS SOUTH EASTERN RAILWAY CO.

1. CONTRACT—*of its certainty.* A party executed a bond to a railroad company, covenanting therein to convey to the company, in consideration of the construction of their road, depot and station house, in a certain locality, the right of way through a certain tract of land belonging to him, "and

also seven acres of land in said section, tract and orchard, adjoining to said right of way on either side thereof:" *Held*, the instrument was not so uncertain in its terms as for that reason to be declared a nullity, and that the bond must have been understood by the parties as requiring a conveyance of the right of way wherever the company might choose to establish their track, and a strip of land of uniform width extending along the railway through the entire tract described in the bond, and having three and one half acres on each side of the right of way.

2. SPECIFIC PERFORMANCE—*to what extent decreed.* But the company having so constructed their road as to leave a tract containing but nine-tenths of an acre on one side of the right of way, it was *held*, erroneous, in a suit for the specific performance of the contract, to decree to the company the nine tenths of an acre on that side, and six and one tenth acres on the other. The company were at liberty so to locate their road as to entitle them to seven acres, and not having chosen to do so, they can not claim an equivalent on one side of the right of way for what they have voluntarily abandoned on the other.

3. SAME—*of parol conditions with third persons.* Upon its being contended that the bond was delivered by the obligor therein to a third person, to be held by him until the citizens of the town, in which the tract of land was situated, should raise and pay the sum of $350, as a further consideration for the conveyance, estimated to be one half the value of the land, which was never done, but of which condition the company had no knowledge, it was *held*, the bond having been delivered to the company, they, having acted in good faith upon its terms, had the right to insist upon their performance without reference to any parol conditions or agreements made with other parties, and of which they were ignorant.

APPEAL from the Circuit Court of Clay county; the Hon. R. S. CANBY, Judge, presiding.

Messrs. COPE & BOYLES, for the appellants.

Mr. R. P. HANNA and Mr. R. D. ADAMS, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

In May, 1869, Kinnaman executed a bond, by which he covenanted to convey to the appellee, in consideration of the construction of its road, depot and station house, in a certain locality, the right of way through a certain tract of land belonging to him, " and also seven acres of land in said section, tract and orchard, adjoining to said right of way on

either side thereof." The railway company has laid its track and erected its buildings as required by the bond, and now demands of the heirs of Kinnaman a conveyance of the land.

It is insisted by them, that the bond was delivered by their father to a third person, to be held by him until the citizens of the town should raise and pay to Kinnaman $350, estimated to be one half the value of the land, and that this was never done. The proof upon this point is not very satisfactory, but even if it were positive, it would be immaterial, for it is not pretended the railway company had any knowledge of such condition. The bond was delivered to it, and it acted in good faith upon its terms, and has the right to insist upon their performance without reference to any parol conditions or agreements made with other parties, and of which it was ignorant.

The only difficulty in the case, arises from the uncertainty in the description of the seven acres. Courts, however, are properly loth to pronounce an instrument a nullity, merely because of the obscurity of its terms, and we think the one before us is sufficiently certain to be carried into effect.

The word "either" is sometimes used in the sense of one *or* the other of several things, and sometimes in the sense of one *and* the other. Its use in this last sense is not infrequent. Thus, it is common to say on either hand, on either side, meaning, thereby, on each hand or side.

Again, it is common to describe land, in conveyances, as a certain number of acres off a certain side of a particular tract, and such descriptions are always held good. They are held to describe a strip of land of sufficient width to make the requisite number of acres, and of uniform width throughout.

Applying this rule to the present case, we are of opinion that the bond was understood by the parties, as requiring a conveyance of the right of way wherever the company might choose to establish its track, and a strip of land, of uniform width, extending along the railway through the entire tract described in the bond, and having three and a half acres on

each side of the right of way. This is the only construction which gives certainty to the contract. It is not claimed by the company, that the bond calls for a conveyance of seven acres on one side of the right of way, and as much upon the other, making a tract of fourteen acres. The company only asks for a conveyance of seven acres, exclusive of the right of way, and we have no doubt both parties understood the bond as meaning that this tract of seven acres should lie along the right of way, equally upon each side; or, in the language of the bond, on either side.

As we understand the decree, and the plat which we find in the record, the company having so constructed its road that there is only a tract containing nine tenths of an acre on the east side of the right of way, the court has given the company six and one tenth acres on the west side. We are of opinion, such a decree would not fairly execute the contract. The company was at liberty so to locate its road as to entitle itself to seven acres. It has not chosen to do so, and it can not claim an equivalent on one side of the right of way for what it has voluntarily abandoned on the other. The decree should have been for the nine tenths on the east side, and three and a half acres on the west side, of uniform width, extending across the tract along the right of way.

The decree is reversed and the cause remanded.

*Decree reversed.*

JUSTICES WALKER and MCALLISTER : We concur in the judgment of reversal, but hold that the contract is too uncertain in its provisions to be capable of specific performance.