THOMAS HARRINGTON'S SONS COMPANY, RESPONDENT, v. UNITED STATES EXPRESS COMPANY, APPELLANT.

Argued November 25, 1914—Decided March 1, 1915.

1. In an action at law where matters of account are in controversy and a reference is made in order that an account may be stated, either one or both of the parties, at the time of the ordering of such reference, may enter in the minutes their reservation of a right to trial by jury; and this, whether the reference is ordered on the motion of either one or both of the parties or of the court's own motion.

2. When a demand for trial by jury is actually made to the court, but by inadvertence is not entered in the minutes, there is a substantial compliance with the requirements of the statute, and, if necessary, the record will be amended by such entry in the minutes *nunc pro tunc*, to the end that the constitutional right of trial by jury shall be preserved.

On appeal from the Hudson Circuit Court.

For the appellant, *McDermott & Enright.*

For the respondent, *Adolph L. Engelke.*

The opinion of the court was delivered by

WALKER, CHANCELLOR.  In this case an order was made by the judge of the Hudson Circuit Court on July 6th, 1912, reciting that matters of account were in controversy, and the cause was thereby referred to Charles J. Roe, Esq., to hear the same and state an account between the parties and report to the court.  Appended to the order was a reservation of the right to trial by jury signed by the attorneys of the plaintiff and defendant.

The referee's report, dated April 1st and filed April 7th, 1913, found for the plaintiff in the sum of $10,798.28.  Notice of the filing of the report, dated April 7th, 1913, was acknowledged by the attorneys for the defendant on that date, when it was filed.  A demand for trial by jury on behalf of

the defendant signed by its attorneys dated April 23d, was filed April 26th, 1913. Subjoined to it were written these words, "The above demand was made in open court this 24th day of April, 1913. Wm. H. Speer, Judge."

The judge, in an opinion filed May 25th, 1914, succinctly states the subsequent proceedings as follows:

"This case went to a reference. The referee, Charles J. Roe, Esq., filed his report finding plaintiff entitled to a judgment of $10,798.28. Defendant attempted to demand a trial by jury and filed exceptions to this report. Plaintiff now moves to strike out the alleged demand for a jury trial, to dismiss the exceptions, for leave to enter judgment final and for an allowance for the referee. The court is of opinion that this motion should be granted. A review of the proceedings makes it clear that no legal demand for a trial by jury was made by the defendant at the same term in which the report was filed. If none such was made no jury trial can be had and plaintiff must prevail on this motion. It appears that the referee consumed forty or forty-one full days in this matter, and I think his allowance should be fixed at $1,000.

"I will sign an order embodying these conclusions."

An order dismissing the exceptions and confirming the report was duly made, and judgment thereupon entered, and defendant appeals. All the questions raised on the appeal are involved in the validity or invalidity of the demand for trial by jury made on behalf of the defendant.

The judge does not particularize wherein no legal demand for trial by jury was made by the defendant. He says that: "Review of the proceedings makes it clear that no legal demand for a trial by jury was made by the defendant at the same term in which the report was filed."

For respondent it is contended that defendant-appellant was the moving party for the order of reference and that that is equivalent to a consent thereto; that it is inconsistent and an improper construction of the statute to permit a party moving for a reference to reserve a right of trial by jury.

There is nothing in the record to show that the reference was made on motion or on behalf of the defendant-appellant. On the contrary it appears to have been made of the court's own motion, and, as stated, the reservation was written upon the order by both parties, as of the same date. If the plaintiff-respondent had any objection to defendant-appellant's reservation of the right to trial by jury, it should have been made at the time it was entered. But that objection could not have been efficaciously made at any time, for the statute says that *either* party may at the time of ordering such reference enter in the minutes his reservation of a right to trial by jury.

Respondent's counsel argues that when the legislature said "either party" it did not mean "either or both parties." But we held in *Kosher Dairy* v. *Erie Railroad Co.*, 86 *N. J. L.* 161, that the word "either" meant one or both of two, accordingly as it was intended to mean one or both. In section 155 of the Practice act of 1903 (*Mott, p.* 79), the provision for reserving the right to trial by jury is permissive in *either* party, and obviously means that *both* parties may make such reservation. A proper construction, it seems to us, does not foreclose the moving party from making the reservation of this constitutional right.

It is urged on behalf of respondent that legal demand for a trial by jury was not made at the same term in which the referee's report was filed, but it does not appear that the demand was not presented during the same term, and insistence is made only as to the force and effect of the demand—its legal aspect being relied upon.

As a matter of fact the April Term of the Hudson Circuit, 1913, opened on the 1st day of April, which shows that the report was filed and the demand made during the same term. Therefore, respondent is driven, as a last resort, to insist that the demand was not legally made because it was not entered in the minutes of the court. This contention is disposed of against the respondent in the two cases of *Halsey* v. *Paulison*, 36 *N. J. L.* 406 and *Adams* v. *Board of Education*, 83 *Id.* 489.

In the first case (Halsey *v.* Paulison) the Supreme Court said:

"The demand (for a jury trial) should be actually made to the court, and not by a mere entry in the minutes."

And in the second case (Adams *v.* Board of Education) the Court of Errors and Appeals said:

"The clerk should have made an entry in the minutes; his failure to do so should have been corrected by the court ordering it entered *nunc pro tunc.*"

In the case at bar the defendant has been deprived of his constitutional right of trial by jury, which he at no time waived, through some merely routine or clerical oversight in the proceedings. There was at least a substantial compliance on his behalf with the requirements of the statute, and this court having power to amend could, if necessary, exercise it by directing the *nunc pro tunc* entry referred to, so that the rights of the defendant shall be preserved and not frittered away by mere error in proceedings.

This leads to a reversal and the award of a *venire.*

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, WILLIAMS, JJ. 13.