KIBLER v. PARKER.

4-3998

Opinion delivered October 21, 1935.

*Chas. D. Frierson* and *Charles Frierson, Jr.,* for appellants.

*Arthur L. Adams,* for appellees.

McHANEY, J. This is an action for specific performance. Appellees procured from appellants, Kibler and wife, an option for lease for a filling station site, near the State line, between Missouri and Arkansas, in Greene County, on Highway No. 25. The option was in writing, acknowledged and recorded. It recites that Dallas Kibler is the owner of a strip of ground containing 79 acres, more or less, located in Greene County, Arkansas, through which State Highway No. 25 passes. After describing the land the option agreement reads as follows:

"In consideration of one dollar, receipt of which is hereby acknowledged, and other valuable consideration, I hereby transfer to Olan Parker and Marcus Feitz, a strip of land 200 feet wide on either side of said Highway 25 on all my land fronting this highway beginning at west entrance to bridge spanning the St. Francis River and running west from said bridge entrance. This transfer or option is given with the understanding that Olan Parker and Marcus Feitz, want to use a part or all of this ground for the erection of a service station, and I hereby agree that I, Dallas Kibler, will sign a lease agreement at any time within 120 days upon demand of said Olan Parker and Marcus Feitz to lease the land above set out for a period of one year at an annual rental of $300 a year," with renewal options for a period of 25 years. This option was dated December 17, 1934. In January, 1935, and within the 120 days option period, appellees presented a lease to Kibler and wife for their signature and acknowledgment, reading in part as follows: "We hereby rent, demise, lease and let unto the said Olan Parker and Marcus Feitz for a period of one year beginning this date, strips of land 200 feet wide on each side of said Arkansas State Highway No. 25, being one strip of land 200 feet wide on the north side and one strip of land 200 feet wide in the south side of Arkansas State Highway No. 25, each strip beginning at the extreme edge or limit of my said described land, first above described nearest to or bounded by the State boundary line, between the States of Missouri and Arkansas, and extending along and bordering State Highway No. 25 westward on each side of said highway through the entire tract of my land hereinabove described." Said lease contained proper clause relating to the payment of monthly rentals and options for renewals and extensions of the lease for the 25-year period originally mentioned in the option agreement. Appellants Kibler and wife refused to sign said lease on the ground that it gave to appellees a lease on both sides of said highway whereas the option agreement provided for a lease only on one side of the highway, to be selected by appellees. This suit was instituted to compel them to execute said lease,

and to reform the option agreement in the event the court found it ambiguous. Appellant Westbrooke was made a party to the action for the reason that on the 8th day of January, 1935, appellant Dallas Kibler had executed to him as attorney an option on 200 feet of land in width on that side of highway No. 25 above mentioned, beginning at the west end of the bridge and approach thereto, crossing St. Francis River, thence running west to the western boundary of his land above described opposite that selected by Olan Parker and Marcus Feitz under an option given to them * * * under a contract dated December 17, 1934, and recorded in Mortgage Record 67 at page 570, in the office of the circuit clerk and recorder of Greene County, Arkansas.

A trial of the case resulted in a decree in appellees' favor for specific performance requiring appellants, Kibler and wife, to execute a lease conveying to appellees strips of land on each side of highway 25 as above set out on a consideration of payment by them of an annual rental of $300. The decree also enjoined appellants from proceeding further under the Westbrooke option and canceled same. The case is here on appeal.

For a reversal of this decree, appellants contend that the option to appellees covers one or the other side of the highway and not both.

Webster's New International Dictionary, 2nd Edition, Unabridged, 1935, defines the word "either" as follows:

"1. Each of two; the one and the other; as, danger on either side,:—sometimes, esp. formerly, of more than two, for each, each one; also formerly with plurals, for both.

"2. One or the other (of two alternatives); as take either road."

We agree with the trial court that the use of the word "either" in the option agreement to appellees was used in the sense of both, and such use is not uncommon. As said in *Chidester* v. *Springfield, etc., R. Co.*, 59 Ill. 87: "The word 'either' is sometimes used in the sense of one or the other of several things, and sometimes in the sense of one and the other. Its use in the last sense is

not infrequent, thus it is common to say on either hand, on either side, meaning thereby on each hand or side.'' For instance, in this case Mr. Kibler owned the land on either side of highway No. 25. When we consider the purpose for which appellees desired to lease this land, that is for filling station purposes, within the permissible distance of the Missouri-Arkansas line, so as to compete with Missouri prices of gasoline, under our statute which permits such sale at the rate of taxes prevailing in such State, it would seem certain they would want to shut off any competition in such distance by leasing both sides of the road. Of course, they had no intention of putting a filling station on both sides of the road, but it is certain that they would not want any one else to build a competing station so close to them. Moreover, the testimony of the witnesses, Martin, Cox, Herringer and Jacobs, all disinterested witnesses, in addition to the testimony of appellees, is to the effect that both Mr. and Mrs. Kibler admitted that they at all times understood that their option to appellees covered both sides of the highway, and that they had so informed Mr. Westbrooke and his client, Long, for whom Westbrooke negotiated the second option in his own name. The testimony is undisputed that it took Messrs. Westbrooke and Long a considerable period of time to convince Mr. Kibler that he had leased only one side of the road to appellees, and that he was not then convinced until he, in company with them, went to submit the matter to his attorney to get his opinion as to whether he had leased both sides of the road. His attorney was not in, but he consulted another who gave an opinion to the effect that he had leased only one side of the road. It was then and then only that Mr. Kibler executed the second option covering the side of the road not selected by appellees, and Mrs. Kibler did not sign this option. The proof further shows that $25 per month or $300 per year is a fair rental value for both sides of the road and that Judge Pillow had, prior thereto, taken an option on both sides of the road from Mr. Kibler, which he failed to exercise, at $10 per month. When we consider all the facts and circumstances in evidence, together with the written option, we are of the opinion

that the court correctly found that the option to lease covered both sides of the road, and that the Kiblers should be compelled to convey both sides, and that the lease to Westbrooke for Long was therefore correctly canceled. There is no question of innocent purchaser in this case, as contended by appellants, for not only did Messrs. Westbrooke and Long have actual knowledge of the lease, saw it of record, but, according to several witnesses, were informed by both Mr. and Mrs. Kibler that they had leased to appellees both sides of the road.

Affirmed.