1568

Vickie MILES, Appellant v. Delter Eugene MILES, Jr., Respondent.

(397 S.E. (2d) 790)

Court of Appeals

*Kenneth E. Merriman,* Florence, *for appellant.*

*E. LeRoy Nettles, Sr.,* Lake City, *for respondent.*

Heard Oct. 8, 1990.

Decided Oct. 29, 1990.

SANDERS, Chief Judge:

This case presents the mildly interesting question of whether, when a husband and wife have lived separate and apart without cohabitation for one year, the Family Court can grant a divorce to both parties or whether, on the other hand, the Court is limited to granting the divorce to one party or the other.[1] Appellant Vickie Miles, the wife, brought this action, seeking a divorce on the ground of continuous separation for one year. Respondent Delter Eugene Miles, Jr., answered and counterclaimed, seeking a divorce on the same ground. The Family Court granted a divorce to both parties. Mrs. Miles appeals, arguing that the Court should have granted

---

[1] Other issues involving equitable apportionment, alimony, and attorney fees were settled while the case was on appeal.

the divorce only to her. We affirm the decision to grant the divorce to both parties.

In the first place, the decision to grant the divorce to both parties is consistent, or at least not inconsistent, with the language of the statute providing the grounds for divorce. The statute provides that, when a husband and wife have lived separate and apart without cohabitation for one year, a divorce may be granted "[o]n the application of either party." S.C. Code Ann. § 20-3-10(5) (1985). Courts in other states have held that the word "either," when used as an adjective, means "both." *E.g., Burger v. Burger,* 166 So. (2d) 433, 435 (Fla. 1964) (a divorce statute which provides that a ground for divorce exists when "either party" has a living spouse at the time of the marriage, "may properly be employed to cover a situation where both parties had living spouses"); *Thomas Harrington's Sons Co. v. United States Express Co.,* 87 N.J.L. 154, 156, 93 A. 697, 698 (1915) ("[T]he word 'either' mean[s] one or both of two, accordingly as it was intended to mean one or both.").[2] *Webster's Ninth New Collegiate Dictionary* defines "either," when used as an adjective, as "being the one and the other of two." The second, not the first, definition given by the dictionary is the definition urged by Mrs. Miles, "being the one or the other of two." *Webster's Ninth New Collegiate Dictionary* 399 (1983).

Moreover, granting the divorce to both parties is consistent with the purpose of the statute. At one time, in order to obtain a divorce, a spouse had to prove that the other spouse was guilty of some wrongdoing, either adultery, desertion, physical cruelty or habitual drunkenness. S.C. Code Ann. § 20-101 (1962). Our advocacy system normally requires that one party or the other "win the case." In this regard, many people think the law unduly exalts the act of blaming.[3] Perhaps in reponse to this criticism, the law was amended to

---

[2] *See also Kibler v. Parker,* 191 Ark. 475, 476, 86 S.W. (2d) 925, 926 (1935) (the word "either" in an option agreement "was used in the sense of both, and such use is not uncommon"); *Chidester v. The Springfield & Illinois South Eastern Ry. Co.,* 59 Ill. 87, 89 (1871) ("[I]t is common to say on either hand, on either side, meaning, thereby, on each hand or side.").

[3] See Lepham, *Inspectors General,* Harper's Magazine 12, 12 (July 1989) (quoting Lionel Trilling: "Our culture peculiarly honors the act of blaming, which it takes as a sign of virtue and intellect.").

allow a divorce simply where "the husband and wife have lived separate and apart without cohabitation for a period of one year." S.C. Code Ann. § 20-3-10(5) (1985). There is no requirement that either party have been at fault in causing the separation. Thus, a divorce on this ground has been termed "a no-fault divorce." *Millis v. Millis*, 282 S.C. 610, 611, 320 S.E. (2d) 66, 67 (Ct. App. 1984). Courts sometimes speak of a divorce as being "awarded."[4] Nevertheless, a divorce is not a prize given in recognition of a victory in a contest. Quite obviously, if a wife has been separated from her husband, the husband has been separated from his wife. Under these circumstances, there is no essential reason why the divorce should not be granted to both parties. Indeed, it may very well be the better practice to grant the divorce to both parties where the divorce is a "no-fault divorce." Such a divorce is, after all, granted in recognition of a state of affairs existing between the parties, not as the result of some wrongdoing by a party.[5] There is no reason to imply that one party is entitled to the divorce to the exclusion of the other.

Finally, we cannot think what possible difference it could make to Mrs. Miles for the divorce to have been granted to both her and her husband, rather than only to her. She has not shown any prejudice. *See Benchoff v. Morgan*, ___ S.C. ___ , ___ , 394 S.E. (2d) 19, 21 (Ct. App. 1990) ("[A]ppellant bears the burden of showing both error and prejudice."); *cf. Smith v. Smith*, 294 S.C. 194, 363 S.E. (2d) 404 (Ct. App. 1987) (where the divorce was granted to the wife on the ground of continuous separation, the Court refused to consider the contention of the husband that he should have been granted a divorce on the ground of adultery). As Mrs. Miles acknowledges in her brief, "a marriage can not die but one death." In a divorce action, the fault of a party can sometimes affect how other issues are decided. For example, under cer-

---

[4] *E.g., Page v. Page*, 260 S.C. 298, 300, 195 S.E. (2d) 613, 614 (1973) ("[A] divorce is awarded to the husband on the ground of desertion.").

[5] Other states recognize that a divorce may be granted to both parties. *E.g., Henderson v. Henderson*, 63 A.D. (2d) 853, 405 N.Y.S. (2d) 857 (1978) (divorce granted to both parties on the ground that the husband and wife had lived apart continuously pursuant to a written separation agreement); *Park v. Park*, 610 P. (2d) 826 (Okla. Ct. App. 1980) (a divorce granted on the ground of incompatibility should ordinarily be granted to both parties).

tain circumstances, the Court considers fault in making an equitable apportionment of marital property. S.C. Code Ann. §20-7-472(2) (Supp. 1989). However, the ground on which a divorce is granted cannot possibly make any difference where the divorce is a "no-fault divorce." This Court has long since recognized an overriding rule which says "whatever doesn't make any difference, doesn't matter." *McCall v. Finley*, 294 S.C. 1, 4, 362 S.E. (2d) 26, 28 (Ct. App. 1987).

For these reasons, the judgment of the Family Court is

Affirmed.

GARDNER and GOOLSBY, JJ., concur.

