THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Pickens County, Respondent,
v.
Danny Ward, Appellant.
 
 
 

Appeal From Pickens County
Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2006-UP-310
Submitted June 1, 2006  Filed July 7, 2006   

AFFIRMED

 
 
 
R. Murray Hughes, of Pickens, for Appellant.
Kenneth S. Roper, of Liberty, for Respondent.
 
 
 

PER CURIAM:  Danny Ward was charged with violating a Pickens County ordinance for failing to obtain a permit before moving a structure onto his property in the county.  Ward was tried before a jury in magistrates court, where he was found guilty of violating the ordinance and fined $153.00.  Ward appealed to the circuit court and the circuit court dismissed his appeal.  Ward now appeals the dismissal, asserting (1) he was denied due process in his appeal to the circuit court because the review was inadequate and his appeal was improperly dismissed, (2) the ordinance in question was so vague or indefinite that its enforcement violates due process, and (3) the magistrate erred in failing to charge the jury on the defense of alibi.  We affirm.[1]
FACTUAL/PROCEDURAL BACKGROUND
After numerous attempts to contact Ward by telephone, the Pickens County Building Codes Administration (County) sent Ward a certified letter on April 8, 2004 noting Ward had failed to obtain a moving permit prior to moving a structure onto property on April 4, 2004.  The letter informed Ward that his failure to obtain the proper permit would result in the issuance of a summons to magistrates court for violation of section R 105.1 of the International Residential Code.  On May 24, 2004, County sent Ward another certified letter concerning the continued attempts to contact him about the matter, his failure to respond, and Countys intent to deliver a summons to Ward.  Ward was thereafter charged with violating Pickens County Ordinance 8.1 which adopted section R 105.1 of the 2000 International Residential Code.  This section provides in pertinent part as follows: Any owner or authorized agent who intends to . . . move, demolish, or change the occupancy of a building or structure . . . shall first make application to the building official and obtain the required permit.  
After being found guilty of violating this ordinance in magistrates court, Ward appealed to the circuit court raising four exceptions.  Ward asserted (1) the County failed to prove his guilt beyond a reasonable doubt because the Countys witness admitted he had some doubt as to whether or not he saw Ward present when the house was moved onto the property and Ward testified he was in Tennessee when the house was moved; (2) Ward did not own the property when the house was moved nor was there evidence that he was the agent of the owner; (3) [t]he grammatical structure of the statute is so defective and general as to make interpretation of enforcement of the statute arbitrary and capricious; (4) the matter should have been dismissed because the main prosecution witness, who signed the summons against Ward, did not testify and by the State not allowing [the witness] to testify, the facts and evidence would also sway to [Ward].  
The magistrate filed a response to Wards appeal addressing each of Wards exceptions.  While he noted various bases for affirming Wards conviction under each exception, he specifically noted, as to each exception, that the grounds raised in the appeal were not preserved because Ward failed to offer a motion or objection to any of them at the trial level.  Following a hearing on the matter, the circuit court issued its order dismissing the appeal and ordering Ward to pay the fine within five days or serve a thirty day sentence.[2]  
STANDARD OF REVIEW
Appeals from magistrate court convictions are made to the circuit court.  S.C. Code Ann. § 18-3-10 (Supp. 2005); State v. Bailey, 368 S.C. 39, ___, 626 S.E.2d 898, 900 (Ct. App. 2006).  On appeal, the circuit court may not conduct a trial de novo, but instead, acting as an appellate court, reviews for preserved error raised by appropriate exception.   S.C. Code Ann. § 18-3-70 (Supp. 2005) (The appeal must be heard by the Court of Common Pleas upon the grounds of exceptions made and upon the papers required under this chapter, without the examination of witnesses in that court.); Bailey, 368 S.C. at ___, 626 S.E.2d at 900 (The circuit court, acting as the appellate court, reviews the matters raised in the notice of appeal.); State v. Henderson, 347 S.C. 455, 457, 556 S.E.2d 691, 692 (Ct. App. 2001) (In criminal appeals from magistrate or municipal court, the circuit court does not conduct a de novo review, but instead reviews for preserved error raised to it by appropriate exception.).  In reviewing such cases, the appellate court may review for errors of law only.  Id.
LAW/ANALYSIS
I.       Unpreserved Issues
On appeal, Ward raises three issues.  Two of these issues, that the ordinance in question was so vague or indefinite that its enforcement violates due process and that the magistrate erred in failing to charge the jury on the defense of alibi, however, are clearly not preserved for review.  
The magistrates return does not indicate Ward requested a jury charge on the defense of alibi, and there is no other evidence of record Ward ever raised this issue before the magistrate.  Further, neither Wards exceptions raised to the circuit court, nor the magistrates response to the exceptions indicates this issue was ever raised to the circuit court in its appellate capacity.  Accordingly, this issue is not properly before us on appeal.  See State v. Bailey, 368 S.C. 39, ___, 626 S.E.2d 898, 900 (Ct. App. 2006) (holding, in appeal from magistrates court to circuit court, where preservation issue was never brought to the attention of the circuit court, it was not appropriate for this court to review the issue); City of Columbia v. Ervin, 330 S.C. 516, 519-20, 500 S.E.2d 483, 485 (1998) (holding the Court of Appeals should not have addressed the merits of an issue because the issue was not raised by exception to the intermediate appellate court and therefore could not be raised for the first time in the Supreme Court or Court of Appeals).  
Additionally, the magistrates response indicates Ward never challenged the ordinance at the trial level and therefore this issue is not preserved for appellate review either.  Ward concedes that he did not properly raise an objection to preserve this exception for appeal.  See State v. Black, 319 S.C. 515, 521-22, 462 S.E.2d 311, 315 (Ct. App. 1995); State v. Hoffman, 312 S.C. 386, 393, 440 S.E.2d 869, 873 (1994) (holding a contemporaneous objection is required at trial to properly preserve an error for appellate review; an issue which is not properly preserved cannot be raised for the first time on appeal.)  
II.      Inadequate Review and Dismissal of Appeal
Ward also contends the circuit court violated his procedural due process rights by inadequately reviewing his exceptions and by dismissing his appeal.  We disagree.
 A.      Inadequate Review  
Ward argues that he preserved his right to appellate review by timely filing his notice of appeal and exceptions, and that the circuit court violated his due process rights by simply dismissing the appeal rather than meaningfully addressing the exceptions.  Specifically, he claims the circuit court failed to hear his exceptions in a meaningful manner and that due process requires, at a minimum, that he be allowed to argue and the circuit court determine if the exceptions have any merit and explain its reasoning for accepting or rejecting his exceptions on the record or in a written order.  
Although the parties indicate a hearing was held before the circuit court, there is no transcript from the hearing in the record on appeal.  Thus, it is impossible for this court to discern that Ward was somehow prevented from arguing his position or that the circuit court failed to explain its reasoning on the record.  See State v. Freiburger, 366 S.C. 125, 135, 620 S.E.2d 737, 742 (2005) (holding the appellant has the burden of providing the appellate court with a sufficient record for review).  Further, it appears the circuit courts action was based on Wards failure to have raised any of the issues in his exceptions to the magistrate during his trial, a fact that Ward readily concedes is true in his appellate brief.[3]  
B.              
Dismissal of Appeal 
Ward also asserts the circuit court violated his due process rights by dismissing his appeal.  He argues, pursuant to South Carolina Code Ann. § 18-3-70, dismissal of his appeal was outside of the circuit courts authority and this court should therefore reverse and remand the matter to the circuit court for appropriate review of his exceptions.  We disagree.
South Carolina Code Ann. § 18-3-70 prescribes the standard of review in criminal appeals from magistrates court to the circuit court.  This section provides as follows:

The appeal must be heard by the Court of Common Pleas upon the grounds of exceptions made and upon the papers required under this chapter, without the examination of witnesses in that court.  And the court may either confirm the sentence appealed from, reverse or modify it, or grant a new trial, as to the court may seem meet and conformable to law.

S.C. Code Ann. § 18-3-70 (Supp. 2005).    
As noted, Ward concedes that he did not properly raise objections at the trial level to preserve his exceptions for appeal before the circuit court.  Whether the circuit court dismissed the appeal or affirmed the sentence, the result is the same and Ward can show no prejudice.  We cannot discern what possible difference the dismissal of Wards appeal makes as opposed to the circuit courts affirmance of the matter, as they both result in confirmation of his sentence.  See Miles v. Miles, 303 S.C. 33, 35, 397 S.E.2d 790, 791 (Ct. App. 1990) (noting an appellant has the burden of showing, not only error, but also prejudice); State v. Jolly, 304 S.C. 34, 39, 402 S.E.2d 895, 898 (Ct. App. 1991) (noting [a]ppellate courts recognize an overriding rule which says:  whatever doesnt make any difference, doesnt matter) (quoting McCall v. Finley, 294 S.C.1, 4, 362 S.E.2d 26, 28 (Ct. App. 1987)). 
For the foregoing reasons, the order below is
 AFFIRMED.
 HUFF, STILWELL and BEATTY, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]While the parties indicate a hearing was held on the matter before the circuit court on June 30, 2005, and the circuit court considered both written and oral arguments by Ward, there is no transcript of this hearing in the record before us.  
[3]We specifically reject Wards assertion that Rule 11(a), SCRMC, providing that [t]rials should be conducted in an informal manner and rules of evidence shall apply but shall be relaxed in the interest of justice, relieves him of his obligation to object at the trial level to preserve his exceptions on appeal.