STATE of Missouri ex rel. STATE HIGHWAY COMMISSION of Missouri, Plaintiff-Appellant,

v.

Reinhart FAJEN et al., Exceptions of Minnie Arnett et al., Defendants-Respondents.

No. KCD 29141.

Missouri Court of Appeals, Kansas City District.

July 31, 1978.

Motion for Rehearing and/or Transfer Denied Aug. 28, 1978.

Application to Transfer Denied Oct. 10, 1978.

Bruce A. Ring, Chief Counsel, Jefferson City, Earl H. Schrader, Jr., Milton D. Skeens, Ronald V. Muller, Asst. Counsel, Missouri State Highway Commission, Kansas City, for plaintiff-appellant.

George H. Miller, Royal M. Miller, John E. Miller, Sedalia, for defendants-respondents.

Before WELBORN, Special Judge Presiding, PRITCHARD, J., and ANDREW JACKSON HIGGINS, Special Judge.

ANDREW JACKSON HIGGINS, Special Judge.

Action in eminent domain to acquire easement and property rights in real estate owned by Minnie Arnett and others for road purposes. Appeal by State Highway Commission from verdict and judgment which awarded landowners $248,000 damages for the taking. The question is whether the verdict is supported by substantial evidence. Affirmed.

Plaintiff filed its petition October 17, 1973, to condemn 31 tracts of land for relocation of U. S. Highway 65 near Warsaw in Benton County. Included were 44.43 acres of land belonging to the Arnetts for part of the relocation and construction of an interchange at Truman Dam Access Road. Condemnation commissioners assessed Arnetts' damages at $236,500; both sides excepted from the award.

The landowners offered six witnesses on the issue of damages whose testimony ranged from $239,000 to $267,700. Each

considered loss of some 800 feet or more of 960 feet of frontage along, and access to, the Truman Dam Access Road on the north side of the Arnett property in arriving at his assessment. The Highway Commission offered two witnesses on the issue of damages whose testimony ranged from $63,000 to $70,500. Neither considered that the landowners had any access to the Truman Dam Access Road for which to be compensated.

In support of its theory, the Highway Commission offered witnesses Stanley Grant and William Morris. Mr. Grant, a civil engineer with the Highway Commission, plotted the description of the Truman Dam Access Road as condemned by the U. S. Corps of Engineers; and testified that his plat showed that all the right of way for the access road was taken from the Drake Estate to the north of Arnetts' land, and that there was a gap of 30 feet between Arnetts' north property line and the south right-of-way line of the Truman Dam Access Road. His plat showed the width of the access road as varying between 80 to 115 feet. Mr. Morris, a civil engineer with the U. S. Corps of Engineers, agreed with Mr. Grant's testimony.

Appellant asserts that resolution of the question on this appeal depends on whether Arnetts' north property line abutted the south right-of-way line of the Truman Dam Access Road. "If the two lines were in fact one and the same then the verdict is supported by substantial evidence and should be permitted to stand. However, if the two lines are not one and the same and are in fact separated by 30 feet, then there is no substantial evidence to support the verdict * * * ."

Appellant argues that the question is "relatively simple" because the Highway Commission offered two civil engineers who testified that the two lines were separated by 30 feet as opposed to Arnetts' evidence by way of a Corps of Engineers plan sheet "not otherwise identified or interpreted," and the "judgment" of a lay witness, Ken Brown, that Mr. Grant's calculations were in error; that a verdict in disregard of the Commission's specific evidence should not be permitted to stand. This position is further stated: "The defendants' lone witness in support of their contention that the defendants' north property line abutted the right-of-way line of Truman Dam Access Road was Ken Brown who did not have any education, training or experience as a surveyor. * * * The State introduced uncontradicted evidence by two qualified civil engineers that there was a thirty (30) foot gap * * * ."

The difficulty with appellant's contention is that it fails to reckon with other evidence in the case from which the jury could determine that Arnetts' north line and the south line of the access road were "one and the same," and thus to find that Arnetts had a precondemnation right of access to the Truman Dam Access Road.

Plaintiff represented in its condemnation petition as to defendants Arnett:

"Said detail plans show the actual survey, location and plans for construction and certain limitation of access to, from and across said part of said highway, and, among other things, the location of said highway through or by the lands herein affected and particular parcels of land sought to be acquired or rights extinguished * * * . The descriptions of the lands and rights of the defendants being condemned were taken from said survey, maps and detail plans and are intended to describe the parcels of defendants' lands * * * ."

Arnetts' 44.43-acre tract was taken as legally described, together with "All abutters' right of direct access between the Truman Dam Access Road and defendants' abutting land."

Upon appointment of condemnation commissioners, the landowners were furnished copies of Highway Commission plan sheets showing boundaries of properties taken, e. g., Sheet 7, Exhibit A, which showed the northern line of Arnetts' tract colored red by the Highway Commission. Such line was designated also as the property line (PL) between the Truman Dam Access Road and the Arnett tract. The line also

showed the presence of trees and fencing along such line. The Truman Dam Access Road was shown to have a width of 70 feet on either side of its center line. This information also appears in Exhibit 8. Exhibit E is an aerial photograph which showed the right of way of the Truman Dam Access Road as constructed to the north of the Arnett tract and the tree-fence line appears at the south edge of the improved right of way. This is confirmed by a larger aerial photograph furnished by plaintiff.

Exhibit 6, the judgment of the United States District Court for the Western District of Missouri, of October 3, 1966, covered the taking of a perpetual and assignable easement and right of way for the Truman Dam Access Road, "reserving, however, to the owners * * * the right to use the surface of the land as access to their adjoining land; subject, however, to existing easements for public roads and highway * * *." Exhibit K, a series of plan sheets identified within itself as for the Kaysinger Bluff (Truman) Dam and Reservoir, shows the access road as 140 feet of right of way, the southern line of which is Arnetts' property line. It and Exhibit 8 show the total length of abutment as 960 feet with only the east 140 feet not providing access to Arnetts.

During trial, Arnetts' witness Ken Brown made on-site measurements of the distance from Arnetts' north fence to the center of the Truman Dam Access Road and determined the distance to be 70 feet at each of three points. He also observed sizable trees in the fence line.

Appellant cites *Burke v. Colley,* 495 S.W.2d 699 (Mo.App.1973), and *Klinhart v. Mueller,* 166 S.W.2d 519 (Mo.1942), for the proposition that unless it is definitely shown that a survey commenced from a known government corner or re-established in accordance with statute it has no probative force.[1] The rule has no application here except to support authenticity of the Missouri and United States surveys and plans which show that Arnetts' north line and the south right-of-way line of the ac-

cess road are "one and the same," and, thus, their precondemnation right of access to the Truman Dam Access Road.

 Appellant also cites cases, *e. g., Armstrong v. City of Monett,* 228 S.W. 771 (Mo.1921), to the effect that testimony of a layman such as Mr. Brown has no probative value on matters requiring scientific proof. The rule has no application here because the testimony from Mr. Brown involved a measuring operation which a layman is capable of performing; and his testimony only corroborated that shown by the surveys, plans, and exhibits in evidence.

Judgment affirmed.

All concur.

---

1. See also *State ex rel. State Highway Commission v. Dunn,* 569 S.W.2d 353 (Mo.App.1978).