Michael J. JABLONOWSKI and Cheri L. Jablonowski, Appellants/Cross–Respondents,

v.

Lloyd B. LOGAN and Lottie A. Logan, Respondents/Cross–Appellants.

No. ED 85009.

Missouri Court of Appeals, Eastern District, Division Four.

Aug. 9, 2005.

Martin Wayne Blanchard, Clayton, MO, for Appellant.

Paul Gregory Henry, Clayton, MO, for Respondent/Cross–Appellant.

MARY K. HOFF, Judge.

Michael J. Jablonowski and Cheri L. Jablonowski (hereinafter collectively referred to as the Jablonowskis) appeal from the trial court's judgment in favor of Lloyd B. Logan and Lottie A. Logan (the Logans) on the Jablonowskis's petition for declaratory judgment. The Logans cross-appeal. We affirm the judgment as modified.

The Jablonowskis raise two issues on appeal. However, the Logans concede the Jablonowskis's second claim of error as to the trial court's ruling concerning the location of the Logans's alleged easement. Given the Logans's concession on this point and our resolution of the remaining points on appeal, we need not analyze the Jablonowskis's second point in any detail.

Our standard of review in declaratory judgment actions is the same as in any other court-tried case. *State v. Reproduct. Health Servs. of Planned Parenthood of St. Louis Reg., Inc.,* 97 S.W.3d 54, 56 (Mo.App. E.D.2002). We will affirm the trial court's decision unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* However, we determine questions of law de novo, giving no deference to the trial court's judgment in such matters. *Id.*

The record on appeal reveals the following. The Jablonowskis are owners of certain real property located in Franklin County, Missouri (hereinafter referred to as the Property). Armstead and Mary Finney (the Finneys) were owners of the Property on August 7, 1980. The Logans own certain real property that is adjacent to and immediately west of the property.

On August 7, 1980, the Finneys executed a deed (Easement Deed) purporting to convey to the Logans an easement (Easement) across the Property. The Easement Deed contained the following language, as pertinent to the appeal:

> Granting, extending and conferring to the [Logans] the exclusive right to build, maintain, reconstruct and use, without any restrictions, a road (or roads), sewers, electric and water service and to perform other related activity on the strip or strips of ground described and to use such additional space adjacent to the right-of-way so granted as may be required for working room during the construction period.

over the following described Real Estate, situate in the County of Franklin and State of Missouri, to-wit:

In Section 29 of Township 43 North, Range 2 East of the 5th P.M., a 60 ft. strip of land on either side of a center line extending from a point twenty chains North of the Southwest corner of said Section, run thence, due East to a

point on the West bank of the Meramec River.

On October 29, 2003, the Jablonowskis filed a petition for declaratory judgment, asking, among other things, that the trial court declare them fee simple owners of the Property, free and clear of the Easement, and declare that the Easement was null, void, and of no effect due to impossibility and/or uncertainty. Following a bench trial, the trial court entered judgment in favor of the Logans and declared the Logans possessed a valid sixty-foot-wide easement per the recorded Easement Deed.

■ In their first point, the Jablonowskis claim the trial court erred by entering judgment in favor of the Logans and ruling that the Logans have a valid easement over the Jablonowskis's property because the Easement Deed contains a patent ambiguity rendering it void and because the description and purpose stated in the Easement Deed is impossible to accomplish. Their argument concerning the "purpose" of the Easement presumes the Easement's purpose was to reach the Meramec River, a purpose that is impossible to accomplish because the property did not extend to the Meramec River. We disagree with this characterization of the Easement's purpose, as the Deed expressly states that the Easement was granted for the purpose of constructing a road and sewers and establishing electric and water service. The language referencing the Meramec River merely fixes the location of the center line.

■ The Jablonowskis's argument that the Easement Deed contains a patent ambiguity focuses on the Easement Deed's description of the Easement's center line. During trial, both parties stipulated that the centerline, drawn as described, continues past the Property. The Jablonowskis contend the Finneys attempted to convey an easement over property they did not own, in that the Easement Deed describes the Easement as terminating at a point on the west bank of the Meramec River, and the Property did not border the river. They assert that because it was impossible for the Finneys to grant an easement reaching the Meramec, the Easement Deed is a nullity. However, if a grantor owns any real estate that corresponds in part to a described conveyance, we may reject an interpretation that conveys nothing in favor of one that conveys something. *Massachusetts Gen. Life Ins. Co. v. Sellers*, 835 S.W.2d 475, 480–81 (Mo.App. S.D. 1992). Validity is favored over invalidity. *Id.; Hobbs v. Yeager*, 263 S.W. 225, 229 (Mo.1924).

■ We will declare a deed void for uncertainty of description only where, after resorting to oral or other extrinsic proof, that which was intended by the parties remains a "mere matter of conjecture." *Hamburg Realty Co. v. Woods*, 327 S.W.2d 138, 150 (Mo.1959), *quoting* 26 C.J.S. Deeds Section 30, 644–45. Extrinsic evidence is always admissible to explain boundary calls. *Id.* Generally, a deed's description is sufficient if it affords the means of identification of the property. *Id.* "A land description is sufficiently definite if one reasonably skilled in determining land locations can locate it." *Braun v. Petty*, 31 S.W.3d 521, 524 (Mo.App. E.D. 2000).

Significantly, a boundary survey of the Property that depicted the location of the described centerline was admitted during trial. The surveyor who participated in preparing the boundary survey testified that the boundary survey accurately depicted the location of the Easement on the Property. Given the ability of the surveying company to locate and depict the Easement's centerline, we conclude the Ease-

ment deed's description was sufficiently definite to identify the Easement. We agree with the trial court that the Logans have a valid easement per the recorded Easement Deed. Point denied.

■ In their cross-appeal, the Logans argue the trial court erred in ruling the Easement was 60 feet in width because the Easement Deed and the evidence adduced at trial established the Easement was 120 feet in width. The parties' dispute regarding the width of the Easement arises from the use of the word "either" in the Easement Deed description: "a 60 ft. strip of land on either side of a centerline...." The Logans contend "either" side of the centerline, as used in the description, means 60 feet on each side of the centerline, resulting in an easement measuring 120 feet in width.

Although a different issue was considered by the Missouri Supreme Court in *Clevenger v. Chicago, M. & St. P. Ry. Co.*, 210 S.W. 867 (Mo.1919), the Court's analysis is instructive to our determination of the meaning of "either" as used in the Easement Deed. In *Clevenger*, the deed under consideration purported to convey a strip of land 100 feet wide. *Id.* at 867. The description of the conveyance stated: "Hereby conveying a strip of land fifty (50) feet wide on each side of the center line of the railway of said company as now located...." *Id.* In analyzing the question presented, the Court clearly considered the word "each" to be interchangeable with the word "either." After stating, "Beyond all doubt the language of the deed vested a fee in the defendant in and to 50 feet on *each* side of its railroad track, starting at the center," the Court declared, "In effect, the language of the deed, in referring to this extraneous strip of 100 feet on *either* side of the right of way...." *Id.* at 868. Courts from other jurisdictions, considering the use of "either" when

used as an adjective, determined that "either" can mean "both." *See Miles v. Miles*, 303 S.C. 33, 397 S.E.2d 790, 790–91 (Ct.App.1990) (when considering a statute that provided that a divorce could be granted on the application of "either" spouse, the court affirmed a decision granting a divorce to "both" parties); *Kibler v. Parker*, 191 Ark. 475, 86 S.W.2d 925, 926–27 (1935) (use of word "either" in lease option agreement transferring a strip of land "on either side of said Highway 25" was used in the sense of "both"); *see also State ex rel. State Highway Comm. v. Fajen*, 570 S.W.2d 765, 767 (Mo.App.1978) (when discussing 140 feet-wide access road, Court noted it was shown to have a width of 70 feet on "either" side of its center line).

■ Missouri's long-standing, cardinal rule of construction is that a deed must be construed as nearly as may be by the parties' intentions, to be ascertained within the four corners of the instrument, the surrounding circumstances and conditions. *Snadon v. Gayer*, 566 S.W.2d 483, 489 (Mo.App.1978). During trial, Lloyd Logan testified that when he and Armstead Finney discussed the Logans's desire for an easement, Lloyd Logan suggested that 120 feet would be adequate; afterward, Armstead Finney presented him with the Easement Deed. No other evidence of the parties' intent was adduced.

We find the interpretation of "either" proposed by the Logans persuasive and in accordance with the case law discussed herein, particularly with the interchangeable usage of "either" and "each" found in *Clevenger*. Therefore, construing the Deed as nearly as may be ascertained by the intention of the parties, to be ascertained within the four corners of the Deed, the surrounding circumstances and conditions, we conclude the Easement conveyed to the Logans was 120 feet in width, 60

feet of which was located on each side of the described centerline.

A judgment that is inconsistent or contradictory on a material matter, or that is based on conclusions at variance with the facts, cannot stand. *Barrett v. Barrett*, 963 S.W.2d 454, 457 (Mo.App. E.D. 1998). While such judgments may be reversed and remanded, Rule 84.14 authorizes this court to "affirm the judgment ... of the trial court, in whole or in part, or give such judgment as the court ought to give." The trial court's determination that the Easement was only 60 feet in width is at variance with the facts adduced during trial. Point granted.

We accordingly modify the judgment only by declaring the Easement to be 120 feet in width, 60 feet of which shall be located on each side of the Easement's centerline. As so modified, the judgment of the trial court is affirmed.

LAWRENCE E. MOONEY, Presiding Judge and SHERRI B. SULLIVAN, Judge, concur.