

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FIVE

| | | |
|---|---|---|
| RITA WOMMACK, | ) | ED100348 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Warren County |
| v. | ) | 11BB-CC00019 |
| | ) | |
| EDWARD J. GREWACH, | ) | Honorable David B. Tobben |
| | ) | |
| Respondent. | ) | Filed: May 13, 2014 |

## Introduction

Appellant Rita Wommack (Rita)[1] appeals the trial court's summary judgment in favor of

Respondent Edward Grewach (Grewach) on Rita's legal malpractice claim. Rita argued the trial

court overlooked disputed material facts and therefore judgment as a matter of law was

improper. We affirm in part and reverse and remand in part.

## Background

In 2002, Rita and her late husband Ernie Wommack (Ernie) (collectively, the

Wommacks) loaned their son Greg Wommack (Greg) and his wife at the time, Stephanie,

$110,000. Rita and Ernie hired Grewach to prepare a promissory note and a deed of trust (July

2002 deed of trust) as security for the loan. The July 2002 deed of trust established a lien on two

---

[1] We mean no disrespect by the use of first names in this opinion. Because Rita Wommack as well as her husband
and son share the same surname, for the sake of clarity we refer to each of them by their first names.

parcels of real property (collectively, the Wommack properties). The first parcel was located at 4598 Highway H in Silex, Missouri, and was the location at which Greg operated his business (business property). The second parcel was located at 86 Millwood Road in Silex, Missouri (residence), and on it was Greg and Stephanie's home. There was one existing lien on the residence prior to July 2002, which was held by Silex Bank. A portion of the business property was also encumbered by a lien held by Silex Bank. In August of 2002, Greg and Stephanie secured another loan from Community State Bank (CSB), which created liens on both of the Wommack properties as well. CSB's liens were recorded behind the Wommacks' liens on each property.

In January of 2003, Rita and Ernie released the July 2002 deed of trust. Grewach prepared the necessary documentation, which Rita and Ernie executed. Grewach then prepared a new deed of trust regarding the Wommack properties in February 2003 (February 2003 deed of trust), which he then recorded after the Wommacks executed it.[2] The February 2003 deed of trust contained a general description of the property and included the address of the residence. It also referred to Exhibit A for a more detailed description; however, when Grewach recorded the February 2003 deed of trust, Exhibit A was not attached.

In December of 2003, Greg, on behalf of his parents, asked Grewach to prepare another deed of release for the Wommacks. Greg testified by deposition that he and the Wommacks desired that this deed of release apply only to the business property, but Grewach testified that Greg instructed him to prepare a deed of release for both of the Wommack properties. The deed of release that Grewach prepared (December 2003 deed of release) was drafted to release the

---

[2] CSB also released its liens on the Wommack properties and then re-recorded its liens in February 2003, after the Wommacks' February 2003 deed of trust was recorded, so that its liens were still in a junior position to the Wommacks' liens on the Wommack properties.

2

Wommacks' security interests in both of the Wommack properties. Rita and Ernie executed the December 2003 deed of release, and Grewach recorded it.

In May 2007, Greg received a notice of default on his loan from Silex Bank, which was secured by the lien on the residence. The Wommacks decided to borrow $175,000 from People's Bank in order to pay the balance of approximately $125,480 due to Silex Bank and prevent foreclosure on the residence, believing they had the next lien in priority behind Silex Bank. Greg testified that before the Wommacks completed the loan process with People's Bank, he called Grewach to confirm that the Wommacks' lien was still in place on the residence. Greg testified that Grewach told him that everything was fine, but that Grewach would check with the recorder's office and call Greg back if there was a problem. Greg said that he never heard back from Grewach.

In 2008, Greg and Stephanie defaulted on their loan to CSB, and CSB initiated foreclosure proceedings on the residence.[3] The Wommacks did not realize they did not have a lien on the residence when they borrowed money from People's Bank and paid it to Silex Bank. Rita believed she and Ernie had the second lien on the residence, and that by paying off Silex Bank, they had the first lien, in front of CSB's lien. CSB foreclosed on the residence in December of 2008.

Rita brought a legal malpractice action against Grewach. Her petition contained multiple allegations of malpractice, including the following: (1) that Grewach was negligent in failing to attach Exhibit A to the February 2003 deed of trust; (2) that he negligently prepared the December 2003 deed of release resulting in the loss of the Wommacks' lien on the residence; (3) that he negligently misrepresented to Greg that the Wommacks still had a lien on the residence in 2007, which induced them to take out the loan from People's Bank; and (4) that Grewach failed

---

[3] By that time, Greg and Stephanie had divorced, and Stephanie was awarded the residence in the divorce decree.

to advise the Wommacks of the risks of executing a deed of release, and of a better way to accomplish their objective while maintaining their security interests. Grewach moved for summary judgment, which the trial court granted. This appeal follows.

## Standard of Review

Our review of summary judgment is essentially *de novo*. ITT Commercial Fin. Corp. v. Mid-Am. Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). We view the record in the light most favorable to the party against whom judgment was entered; here, Rita. See id. We take the facts set forth in support of Grewach's motion as true unless contradicted by Rita's response. See id. A movant must show that there is no genuine dispute as to any material fact, and that he or she is entitled to judgment as a matter of law. Rule 74.04(c)[4]; ITT Commercial Fin. Co., 854 S.W.2d at 380. A genuine dispute "exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts." ITT Commercial Fin. Co., 854 S.W.2d at 382.

## Discussion

Rita raises four points on appeal, all of which argue that the trial court erred in granting summary judgment in favor of Grewach on Rita's various claims of legal malpractice. There are four elements of a claim for legal malpractice: (1) an attorney-client relationship; (2) negligence on the part of the defendant lawyer, in that he or she failed to exercise that degree of skill and diligence ordinarily used under the same or similar circumstances by members of the legal profession; (3) proximate causation of the plaintiff's damages; and (4) damages to the plaintiff. Klemme v. Best, 941 S.W.2d 493, 495 (Mo. banc 1997); see also London v. Weitzman, 884 S.W.2d 674, 677 (Mo. App. E.D. 1994). Each of Rita's Points I through III argues one or both of the following: that the trial court erred in concluding the facts were not in dispute, and that the

---

[4] All rule references are to Mo. R. Civ. P. (2013), unless otherwise indicated.

4

trial court erred in concluding as a matter of law that Grewach's alleged negligence was not the proximate cause of her damages. Rita argues in Point IV that the trial court erred in granting summary judgment on claims not addressed by Grewach's motion for summary judgment. We discuss each in turn.

## Point I

Rita argues that the trial court erred in granting Grewach's motion for summary judgment because the undisputed facts established that Grewach negligently failed to attach Exhibit A to the February 2003 deed of trust, which invalidated the February 2003 deed of trust and caused damages to Rita. We disagree.

The February 2003 deed of trust contained the following description of the Wommack properties:

> Property lying in Section 10, Township 50 North, Range 2 West and property lying in the South half of the SW ¼ of Section 14, Township 50 North, Range 2 West, more particularly set out in Exhibit "A" attached to this document.
>
> Address for this property is 86 Millwood Road, Silex, MO 63377.

The parties agree that Exhibit A was never attached to the February 2003 deed of trust.

In its judgment, the trial court noted that Section 59.330.2[5] states that the recorder of deeds shall not record an instrument absent the required address or legal description. Grewach relies on this statute here as validation for the legal description in the February 2003 deed of trust, arguing that the recorder of deeds could not have recorded an instrument containing an insufficient legal description. However, case law reveals that deeds containing insufficient legal descriptions are regularly recorded and become the subject of litigation. E.g., Ijames v. Geiler, 783 S.W.2d 934, 936-37 (Mo. App. E.D. 1989) (finding recorded collector's deed contained

---

[5] All statutory references are to RSMo. (Supp. 2013), unless otherwise indicated.

5

insufficient legal description). The plain language of Section 59.330.2 prohibits the recorder of deeds only from recording a deed with *no* legal description. Thus, the fact that a deed of trust was recorded under this section cannot be used to validate an otherwise insufficient legal description.

At the same time, Missouri Courts favor validity over invalidity, and "may reject an interpretation [of a deed] that conveys nothing in favor of one that conveys something." Jablonowski v. Logan, 169 S.W.3d 128, 130 (Mo. App. E.D. 2005)(citing Hobbs v. Yeager, 263 S.W. 225, 229 (Mo. 1924); Mass. Gen. Life Ins. Co. v. Sellers, 835 S.W.2d 475, 480-81 (Mo. App. S.D. 1992)); see also Fincher v. Miles Homes of Mo., Inc., 549 S.W.2d 848, 853 (Mo. banc 1977) (noting courts are lenient in constructing erroneous descriptions). Generally, a description is sufficient "if it affords the means of identification of the property." Jablonowski, 169 S.W.3d at 130 (citing Hamburg Realty Co. v. Woods, 327 S.W.2d 138, 150 (Mo. 1959)). "Extrinsic evidence is always admissible to explain boundary calls." Id. Additionally, an insufficient legal description does not invalidate a deed to parties with actual notice. See Sections 59.330.2 (stating statutory constructive notice or validity of instrument shall not be affected by absence of address or legal description), 442.400 (unrecorded deeds still valid between parties and others with actual notice); Henson v. Wagner, 642 S.W.2d 357, 360-61 (Mo. App. S.D. 1982) (noting Missouri recording act is not based on order of recording, but rather based upon notice, or lack thereof, at time of later conveyance; unrecorded deed is still valid between parties with actual notice).

Here, the parties do not dispute the boundaries of the Wommack properties, but rather whether the February 2003 deed of trust sufficiently communicated notice of the Wommacks' liens on each of the properties. The record reflects that in December of 2003, CSB

6

acknowledged by letter that its liens on the Wommack properties were junior in priority to the Wommacks' liens.[6] Thus, even if the legal description in the February 2003 deed of trust was insufficient, there is no evidence this could not have been cured by extrinsic evidence, most notably Exhibit A and the parties' testimony regarding the boundaries of the properties. Moreover, Rita was not damaged, because CSB acknowledged its liens were junior in priority to the Wommacks' liens, thus demonstrating actual notice by the only other party with an interest over which the Wommacks could seek priority. See Henson, 642 S.W.2d at 360-61. Point denied.

## Point II

Rita argues that the trial court erred in granting Grewach's motion for summary judgment regarding the December 2003 deed of release. The trial court found it was undisputed that Rita read the December 2003 deed of release and signed it. The court also noted that she answered affirmatively when asked whether the deed of release fulfilled the directions she and Ernie gave to Grewach. Though Greg testified otherwise, the trial court applied the principle that a party may not contradict its own testimony to create a factual dispute and avoid summary judgment. See ITT Commercial Fin. Corp., 854 S.W.2d at 388. Finally, the trial court found that even if Rita could show a factual dispute as to whether the December 2003 deed of trust was negligently drafted, her damages occurred when she and Ernie executed the document, and thus were not proximately caused by any improper drafting. Because Missouri has not recognized that an

---

[6] Rita disputes this, arguing that a careful reading of the letter reveals that it refers to the state of the liens at the time of the loan closing, which would have been when the July 2002 deed of trust was in place. However, in February of 2003, both the Wommacks and CSB released their liens and subsequently re-recorded them, with CSB recording its liens days after the Wommacks' February 2003 deed of trust was recorded. CSB's December 2003 letter, when Greg had again requested that CSB release and re-record its liens to facilitate refinancing, notes that "there *is* no equity in this property as the Deed of Trust to [the Wommacks] was filed prior to the [CSB] Deed of Trust" (emphasis added). This present-tense description of the state of the liens in December of 2003 indicates that the order of recordings in February of 2003 was intentional and that CSB was aware that its liens were still in a junior position to the Wommacks' liens in December of 2003.

7

attorney's negligent drafting relieves a party from his or her duty to read and understand documents he or she signs, we agree that as a matter of law, Rita could not prevail on this claim.

## 1. Factual Dispute

First, regarding the existence of a genuine factual dispute over the instructions Grewach received regarding the December 2003 deed of release, the trial court acknowledged the following principle: "a party may not avoid summary judgment by giving inconsistent testimony and then offering the inconsistencies into the record in order to demonstrate a genuine issue of material fact." Id. (party's deposition and later conflicting affidavit in response to summary judgment motion did not create genuine issue of material fact). It is well-established that a genuine dispute may not be created by the contradictory testimony of the same witness. Rustco Prods. Co. v. Food Corn, Inc., 925 S.W.2d 917, 923 (Mo. App. W.D. 1996). However, a party may be permitted to contradict his or her own testimony where the record reveals he or she was mistaken or misspoke. Calvert v. Plenge, 351 S.W.3d 851, 855 (Mo. App. E.D. 2011) (citing Powel v. Chaminade Coll. of Preparatory, Inc., 197 S.W.3d 576 (Mo. banc 2006) (Wolff, C.J., concurring)). Additionally, "materials submitted by the movant that are, themselves, inconsistent on the material facts defeat the movant's prima facie showing." Reed v. McDonald's Corp., 363 S.W.3d 134, 140 n.3 (Mo. App. E.D. 2012) (quoting ITT Commercial Fin. Corp., 854 S.W.2d at 382) (statement contradicting non-movant's deposition was in document accompanying motion for summary judgment, thus non-movant did not need to supplement record to create genuine dispute). In such a case as Reed, the non-movant is not in

8

the position of adding inconsistent testimony in order to create a sham issue of fact,[7] as the inconsistency is already contained in the movant's attached materials.

Here, in Rita's deposition, Grewach's counsel asked the following question: "[T]o your knowledge and recollection did Exhibit 16, this [December 2003] deed of release, fulfill the direction that you and your husband gave to Mr. Grewach?" Rita answered, "Yes." Grewach argues that this admission defeats Rita's claim that Grewach negligently drafted the December 2003 deed of release, because she is not permitted to thereafter contradict this testimony in order to create an issue of fact. However, Greg's deposition was also attached to Grewach's motion for summary judgment. In it, Greg testified to the following:

> I also recall that the business [lien] that was removed in December was the only one that I asked to have removed and was not. You know, in fact it was the other ones that were most important to my mother and dad, the property at 86 South Millwood was mistakenly taken off by Mr. Grewach. . . . I had only asked for the 5.6 acres for my mom and dad to be removed at [the business property], not the [residence].

This testimony contradicts Rita's statement that the December 2003 deed of release fulfilled the directions given to Grewach.[8]

Thus, the documents attached to Grewach's motion themselves contain a genuine factual dispute regarding whether the December 2003 deed of release is actually what Greg or the Wommacks requested Grewach to prepare. Rita did not create an inconsistency in order to

---

[7] This language comes from federal cases considering the same issue under Fed. R. Civ. P. 56. See Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1365 (8th Cir. 1983) (discussing utility of summary judgment as "procedure for screening out sham issues of fact").

[8] Further, the question's assumption—that Rita and Ernie gave the directions to Grewach regarding the December 2003 deed of release—is contradicted by both Rita and Greg. Rita testified she did not recall any conversations with Grewach, and Greg testified he was the one who gave instructions to Grewach regarding the December 2003 deed of trust. Additionally, Grewach himself testified by deposition that he did not recall talking to Rita or Ernie about the December 2003 deed of release, and that he prepared the deed of release at the direction of Greg. However, this would not necessarily create a factual dispute here in light of the parties' testimony that Greg often acted as an agent for the Wommacks in communicating with Grewach.

avoid summary judgment; it was already present in Grewach's motion and accompanying documents. Reed, 363 S.W.3d at 140 n.3.[9]

### 2. Causation as a Matter of Law

However, the trial court went on to conclude that even if a factual dispute existed, Rita could not prove causation as a matter of law, because her damages were the result of her execution of the document rather than any negligent drafting. See Steward v. Goetz, 945 S.W.2d 520, 532 (Mo. App. E.D. 1997) (negligence alone does not accomplish recovery; plaintiff must also show alleged negligence proximately caused damages).The trial court cited Repair Masters Construction, Inc. v. Gary, which recited the general principle that "[a] party capable of reading and understanding a document is charged with the knowledge of its contents if he or she signs it, even if the party fails to review it." 277 S.W.3d 854, 858 (Mo. App. E.D. 2009). The Missouri Supreme Court has also said that a person who fails to inform himself of the nature of a document before signing it "cannot be relieved from the obligation contained in the paper thus signed, unless there was something more than mere reliance upon the statements of another as to its contents." Sanger v. Yellow Cab Co., 486 S.W.2d 477, 481 (Mo. banc 1972) (quoting Higgins v. Am. Car Co., 22 S.W.2d 1043, 1044 (Mo. 1929)).

At the same time, none of these cases involve a situation similar to the present case, in which an attorney has drafted the document at the request of his or her client, who then executes it. Missouri courts have also recognized that"[t]he rule requiring a party to read a contract before signing it is said not to be a 'rule of thumb,' but one of equity and sense. The law does not

---

[9] Further, Rita argues that the context of her deposition shows she did not understand the question. Only excerpts of Rita's deposition are contained in the record on appeal, and it is unclear whether the trial court had the benefit of her entire deposition. That said, some of her answers do reflect a misunderstanding of certain questions she was asked, as well as some statements of hers to the effect that she does not understand legal matters. Because we determine that the exhibits attached to Grewach's motion contain the factual dispute, we need not consider whether Rita was entitled to contradict her deposition testimony on the basis that she was mistaken or misspoke. See Calvert v. Plenge, 351 S.W.3d 851, 855 (Mo. App. E.D. 2011).

require a prudent [person] to deal with everyone as a rascal." Jackson v. Merz, 223 S.W.2d 136, 138 (Mo. App. 1949) (citations omitted). "Situations may arise where one who executes an instrument in ignorance of its true character, believing it to be of a different nature, without reading or having it read to him is not bound thereby . . ., such as where he imposed trust and confidence in the other[.]" Liddell v. Lee, 159 S.W.2d 769, 772 (Mo. 1942) (illiterate plaintiff who trusted defendant to handle plaintiff's cotton crops and finances was in fiduciary relationship with defendant, such that deed obtained by fraudulent representations of defendant could be repudiated).

However, Liddell was a case involving fraud, and other cases releasing a plaintiff from his or her duty to read and understand the document before signing similarly involve fraud. See Liddell, 159 S.W.2d at 772; see also Robinson v. Title Lenders, Inc., 364 S.W.3d 505, 509 n.4 (Mo. banc 2012) (quoting Sanger, 486 S.W.2d at 481; Repair Masters Constr., Inc., 277 S.W.3d at 858 ("failure to read a document prior to signing it . . . does not make a contract voidable, absent fraud")). Research has not revealed any Missouri case relieving a person of his or her duty to understand a document after reviewing it when the document was negligently or mistakenly drafted by an attorney and did not ultimately reflect the party's expectation of what it would say.

Essentially here, Rita argues that she was relieved of her duty to understand the document before signing it, because she relied on Grewach to prepare it according to the instructions Greg gave him. Grewach had been the Wommacks' attorney and family friend for years, and he had prepared more than one deed of trust and deed of release for this specific property. At the same time, it appears that Grewach and the Wommacks never discussed this release directly, and the Wommacks had frequently relied on Greg as an agent to communicate between them. It is not

11

clear from the record whether Grewach ever advised Greg or the Wommacks regarding the eventual substance of the December 2003 deed of release, but it appears rather that Grewach simply sent the document to the Wommacks for signatures.

Thus, in addition to any negligence by Grewach in drafting the document contrary to Greg's instructions, the above general principle regarding a duty to read and understand a document before executing it would also attribute negligence to Rita for failing to understand the December 2003 deed of release when she executed it. The document itself was short and consisted of two pages: the first contained the release and the second, the property's legal description.[10] The legal description lists 86 Millwood Road as the address for the property, which is the address of the residence. Thus, a lay person looking at this legal description would be alerted to the fact that it appears the property being released includes the residence.

Rita testified that she reviewed the document before signing it and would have asked questions if she had them. The trial court concluded in essence that because of this, Rita's own

---

[10] The first page of the deed of release contained the following language, followed immediately by Rita's and Ernie's signatures and then the statement and seal of a notary public. This language was set forth in one paragraph, double-spaced, and in a standard-sized font:

**DEED OF RELEASE**

This Deed of Release witnesseth, That RICHARD E. WOMMACK and RITA WOMMACK owners and holders of the Note evidencing the debt secured by a Deed of Trust executed by GREGORY WOMMACK and STEPHANIE WOMMACK, husband and wife, dated the 6th day of February, 2003 and recorded the 7th day of February, 2003, in the office of the Recorder of Deeds of Lincoln County, Missouri, at Troy, Missouri, in Book 1530 at Page 375 in consideration of the full payment of said debt, does hereby acknowledge satisfaction of said Deed of Trust and release the property therein described from the lien and effect of the same.
WITNESSETH my hand this 17th day of December, 2003.

The second page of the deed of release contained the following description:

Property lying in Section 10, Township 50 North, Range 2 West and property lying in the South half of the SW ¼ of section 14, Township 50 North, Range 2 West, more particularly set out in Exhibit "A" attached to this document.

Address for this property: 86 Millwood Road, Silex, MO63377

negligence was the intervening cause that negated any negligence by Grewach as the proximate cause of her damages. As we find no Missouri case law relieving a party of the burden before signing to read and understand a document—even a document prepared by the party's attorney—absent fraud, and no Missouri case law applying a comparative fault analysis in a case involving an attorney's negligent drafting of the document and a client's negligent reading thereof[11]; we conclude as the trial court did that because Rita testified she reviewed the document before she signed it, and because there is no evidence that Grewach fraudulently advised her as to the contents of the document, Rita's negligence was the intervening cause and any negligence by Grewach was not the proximate cause of Rita's damages under current Missouri law. Point denied.

## Point III

Rita argues in Point III that the trial court erred in granting summary judgment, because a genuine factual dispute exists as to whether Grewach negligently misinformed Greg that the Wommacks still had a lien on the residence in 2007. Rita argues that she established that but for that misstatement, she and Ernie would not have borrowed money to pay off Silex Bank, and thus the trial court erred in concluding that Rita could not show causation. We agree.

Rita's specific claim in her petition is the following:

> [Grewach] failed to perform a diligent search or investigation to verify that the [February 2003 deed of trust] created a proper lien on [the residence] prior to advising [the Wommacks] that there was in fact a valid lien against [the residence] and that [the Wommacks] should pay off the senior lienholder Silex Bank in order to obtain a first lien position on [the residence].

---

[11] This Court reviewed one legal malpractice case in which a jury had awarded only a percentage of damages based on the comparative fault of the plaintiff, but no similar burden to read and understand the document on the part of the client was at play. See London v. Weitzman, 884 S.W.2d 674, 678 (Mo. App. E.D. 1994).

13

The trial court found that because Rita testified she did not have any conversations with Grewach before she and Ernie took out the loan from People's Bank, Rita could not establish that she relied on any statements from Grewach in doing so. Grewach argues further that although Greg testified that he was the one who talked to Grewach about the state of the liens in 2007, Rita failed to produce evidence that Greg ever conveyed that misrepresentation to her.

First, there is no evidence in the record that Rita ever talked to Grewach in 2007 about the state of the Wommacks' liens. There is only testimony from Greg that he called Grewach about the liens, and testimony from Grewach that he had no recollection of such a conversation. This is a disputed fact. Grewach goes on to argue that even if the conversation between Greg and Grewach took place, there is no evidence that Greg ever told his parents what Grewach said. However, there are several places in the record where the parties confirm that Greg was the regular communicator between Grewach and his parents and therefore Grewach and the Wommacks often transacted business without talking to each other directly, and there was evidence that Greg did not do anything that his parents did not know about. Rita also testified that she and Ernie borrowed the money from People's Bank believing that their lien was still in place on the residence. A reasonable inference from these facts is that Greg communicated what Grewach told him to the Wommacks. See ITT Commercial Fin. Corp., 854 S.W.2d at 376 (we accord non-movant benefit of all reasonable inferences from the record).

Grewach's final argument is that Rita cannot show that even if it were true he gave the Wommacks misinformation through Greg, that information was the proximate cause of any damage. However, Rita testified in her deposition that she and Ernie borrowed the money because they "were trying to sa[v]e the [residence], because Greg couldn't borrow any more money, and we borrowed the money to pay the foreclosure thinking we had the first lien on the

14

place." Additionally, she said at least two other times during her deposition that she and Ernie never would have borrowed the money to pay off the Silex Bank loan if they had known they did not still have a lien on the residence.

Thus, viewing the record in the light most favorable to the non-moving party, Rita offered competent evidence to establish the plausible account that she and Ernie relied on erroneous information from Grewach in paying off the Silex Bank loan, which they would not have done but for the misinformation. See ITT Commercial Fin. Co., 854 S.W.2d at 382. Thus, Grewach was not entitled to judgment as a matter of law regarding this claim. Point granted.

Point IV

Rita's final point is that the trial court erred in failing to address in its summary judgment other claims of negligence raised in her petition; namely, that Grewach failed to advise Rita and Ernie that a more appropriate approach to facilitate Greg's refinancing would be to execute a subordination agreement, rather than a deed of release and subsequent deed of trust. Rita points out that this claim also was not addressed by Grewach's motion for summary judgment, and she argues therefore the summary judgment cannot be affirmed as to this claim of malpractice. We agree.

Rule 74.04(c)(1) mandates summary judgment motions to "state with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue, with specific references to the pleadings, discovery, exhibits or affidavits that demonstrate the lack of a genuine issue as to such facts." Grewach's motion did not address any facts related to Rita's claim that Grewach was negligent for failing to advise the Wommacks to use a subordination agreement. As such, the trial court erred in granting summary judgment as to this claim. See Murray v. Crank, 945 S.W.2d 28, 31-32 (Mo. App. E.D. 1997) (reversing

15

summary judgment as to claim not addressed by summary judgment motion; affirming in all other respects).

The parties go on in their briefs to argue the merits of Rita's claim; specifically, whether Grewach committed malpractice by failing to advise the Wommacks regarding a subordination agreement. However, because this claim was not raised in the summary judgment motion before the trial court, we must remand for the trial court's consideration if a new summary judgment motion is filed, and if not filed, at trial. See Murray, 945 S.W.2d at 32. We reverse the judgment as it relates to this claim. Point granted.

## Conclusion

The trial court did not err in granting summary judgment on Rita's claims of malpractice concerning the February 2003 deed of trust and the December 2003 deed of release. There is no evidence she was damaged by Grewach's failure to attach Exhibit A to the February 2003 deed of trust. Additionally, Missouri has not recognized an exception to a party's duty to read and understand a document before signing it, absent fraud. We affirm the trial court's summary judgment as to these two claims.

Rita has raised a genuine issue of material fact regarding whether Grewach negligently misinformed Greg in 2007 about the state of the Wommacks' lien on the residence, and whether this misinformation caused damages to the Wommacks in that they paid off Silex Bank in reliance on that information, thus summary judgment was improper on this claim. Additionally, the trial court erred in granting summary judgment on a claim not addressed by Grewach's motion: whether Grewach negligently failed to advise the Wommacks that a subordination agreement was the more appropriate method of allowing refinancing while maintaining their

16

liens on the Wommack properties.  Thus, we reverse the trial court's summary judgment regarding these two claims, and we remand to the trial court for further proceedings thereon.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

_____
Gary M. Gaertner, Jr., J.

Robert M. Clayton III, C. J., concurs.
Gary Dial, S.J., concurs.

17