

# In the Missouri Court of Appeals
## Eastern District
### DIVISION FOUR

| | | |
|---|---|---|
| CARL W. PIERCE AND . <br> PAULA R. PIERCE, <br><br>     Appellants, <br><br> vs. <br><br> KEVIN SANDERLIN AND <br> KAY T. SANDERLIN, <br><br>     Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. ED93272 <br><br> Appeal from the Circuit Court <br> of Gasconade County <br><br> Honorable Robert D. Schollmeyer <br><br><br> FILED: December 16, 2014 |

Carl and Paula Pierce ("Appellants") appeal from the trial court's judgment finding they had no interest in the 20-foot strip of land at issue and denying their request for an injunction. We reverse and remand.

### I. Background

Appellants bought the 25 acres in Gasconade County at issue here from Kenneth and Beverly Pfautsch on January 20, 1997. Prior, the Pfautsches had purchased their land, totaling about 30 acres, in April of 1998 from Donald and Shirley Boehm and their children. The deed from the Boehms to the Pfautsches read as follows:

> Together with a 20' wide right-of-way from the above described tract to Highway H described as follows: Commencing at the Township corner being the Northeast corner of Section 1, thence with the Range line S02° 05'W 717.7' to the point of beginning at the north side of the 20' right of way, thence S02° 05'W 21.35' thence with the south side of right-of-way S 71° 36'W 315.0', thence N 88° 01'W

394.5' to the east right-of-way of Highway H, thence with Highway H right-of-way N 21° 40'W 22.36', thence leaving highway right-of-way and with the north side of 20' wide right-of-way S 88° 01'E 401.2', thence N71° 36'E 317.5' to the point of beginning containing 0.33 acres more or less.

Appellants agreed to buy from the Pfautsches a house and about 25 acres in Gasconade County and the only means of access to the property, at the time, was over a private roadway within a 20-foot-wide strip of land constituting an easement appurtenant, running from the west boundary of the Pfautsch land to Missouri Highway H. [1] The contract contained a condition that the "[p]rivate roadway is to be owned by . . . [Pfautsches] from State Highway H and included in the sale." The contract described the land to be sold as being located in "Section 6, Township 45 North, Range 4 West and Section 1, Township 45 North, Range 5 West to contain 25.2 surveyed acres as per survey #11,017 done by Elmer Birk . . . ."

Around the same time, the Boehms and Pfautsches executed an agreement imposing restrictions on the lands owned by the two families, which referred to the Pfautsches' land as being located in Section 6, Township 45 North, Range 4 West and included the 20-foot-wide easement appurtenant. [2]

On April 1, 1997, the Pfautsches executed a general warranty deed that described the 25.2 acre tract purchased by Appellants and, in a separate paragraph, the 20-foot roadway easement appurtenant the Pfautsches received from the Boehms. This deed contained the same metes and bounds description of the easement as the original conveyance from the Boehms to the Pfautsches, and the efficacy of this deed was not questioned at trial. However, Appellants noticed that the deed conveyed only an easement over the 20-foot strip, and not the fee title conveyance required by the sale contract. Appellants were able to obtain a quitclaim deed from

---

[1] The additional five acres not included in the sale to Appellants is located on the north side of Boy Scout Road.

[2] The descriptions of the land and the roadway easement in the deed that was executed transferring the property from the Boehms to the Pfautsches contained differing Section numbers, but the professional land surveyor at trial testified that the legal descriptions started at the same place, despite the references to different sections.

the Boehms granting them fee title to the 20-foot strip, but the "preamble" described the strip as being located in Section 1, Township 45 North, Range 4 West, instead of Range 5 West where the strip is actually located.

Appellants filed their Petition for Temporary and Permanent Injunction and for Other Relief after an incident where a large logging truck blocked the roadway and, at the instruction of neighboring property owner Respondent Kevin Sanderlin, would not move. Appellants could not drive around the truck and told Sanderlin the truck was illegally parked and needed to be moved, at which point Sanderlin claimed he owned the driveway and heated words were exchanged. Appellants alleged in their Amended Petition that they owned the 20-foot strip of land, that Sanderlin had trespassed upon it by blocking the roadway, and that, as the roadway was Appellants' only means of access to their property, they would suffer irreparable harm if Sanderlin was not enjoined from trespassing or damaging the strip.

On June 10, 2009, after a bench trial, the trial court ruled in favor of Defendants and denied Appellants' claims for an injunction and damages , holding that Appellants "do not hold or possess any legal and equitable rights in, to or concerning the alleged '20-foot strip of land[.]'" This appeal follows.

## II. Discussion

Appellants raise three points on appeal, all of which ultimately argue the trial court erred in finding that Appellants had no right, title, or interest in the 20-foot strip of land at issue. Specifically, Appellants claim they obtained title to the land by general warranty deed from the Pfautsches, or alternatively, by quitclaim deed from the Boehms, and that Respondents' affirmative defenses were deficiently pleaded.

3

In a judge-tried case, we will sustain the trial court's judgment "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." Pearson v. Koster, 367 S.W.3d 36, 43 (Mo. banc 2012) (citing Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976)). Claims that a judgment is unsupported by substantial evidence or against the weight of the evidence must involve review of the trial court's factual determinations. Pearson, 367 S.W.3d at 43. However, we will apply *de novo* review to any determinations of law made by the trial court. Id. (citation omitted).

This case turns on what is obviously a typographical error in the range call of the property description contained in the preamble to the quitclaim deed that purported to convey fee title from the Boehms to Appellants. The strip is described as being located in Section 1, Township 45 North, Range 4 West, rather than Range 5 West where the strip was in fact located.

Respondents claimed that the mistake in range number caused the deed to be totally defective so as to not convey the 20-foot strip at all. However, this does not follow the established principles of deed interpretation. Courts "reject an interpretation that conveys nothing in favor of one that conveys something." Jablonowski v. Logan, 169 S.W.3d 128, 130 (Mo. App. E.D. 2005) (citation omitted); see also Bass Pro Outdoor World, L.P. v. Wilson, 965 S.W2d 890, 893 (Mo. App. S.D. 1998) (citation omitted). "We will declare a deed void for uncertainty of description only where, after resorting to oral or other extrinsic proof, that which was intended by the parties remains a 'mere matter of conjecture.'" Jablonowski, 169 S.W.3d at 130, quoting Hamburg Realty Co. v. Woods, 327 S.W.2d 138, 150 (Mo. banc 1959) (citation omitted). If a deed allows for one reasonably skilled in determining land locations to figure out

4

the location of the property, the description is considered sufficient.  Jablonowski, 169 S.W.3d at 130.

Here, the quitclaim deed from the Boehms to Appellants would convey nothing if read literally, with Range 4 West instead of Range 5 West.  This is not the favored means of deed interpretation.  Further, both professional land surveyors who testified at trial testified they believed the range number to be a mistake, and that they still found the 20-foot roadway strip easily even with the wrong range number listed.   Both agreed this was clearly a mistake, citing as evidence:  prior deeds and surveys of record, the metes and bounds description in the body of the deed after the preamble, the reference to the land being in Gasconade County and not several miles away in Franklin County, and their own physical inspections of the property and the monuments from prior surveys they found.  The two surveyors were reasonably skilled in determining land locations and had no trouble determining what 20-foot strip the quitclaim deed was meant to convey.

"Missouri's long-standing, cardinal rule of construction is that a deed must be construed as nearly as may be by the parties' intentions[.]"  Id. at 131.  The trial court's decision was not in conjunction with the parties' expressed intentions, as Appellants obviously intended to purchase the 20-foot strip, and the Boehms clearly intended to convey it by quitclaim deed, if they had not already conveyed it to the Pfautsches.  Appellants' first two points are granted.  As such, we need not reach Appellants' third point.

The trial court's judgment is without substantial evidence to support it and is so arbitrary and unreasonable that it amounts to an abuse of discretion.  We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

### III. Conclusion

The judgment of the trial court is reversed and remanded, with directions to the trial court.

_____

ROY L. RICHTER, Judge

Patricia L. Cohen, P.J., concurs.
Robert M. Clayton III, J., concurs.

6